IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCIA K. HAJEK, Individually and as Personal Representative of the Estate of Alan E. Hajek, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>KUMHO TIRE CO., INC., a foreign corporation, KUMHO TIRE, U.S.A., INC., a California corporation, and FORD MOTOR COMPANY, a Delaware corporation,<br><br>Defendants. | Civil Action No.: 4:08-CV-03157 |

## **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

JURISDICTION AND AMOUNT IN CONTROVERSY

1. This is an action for damages pursuant to Nebraska law. The action is brought here based on diversity of citizenship of the parties, pursuant to 28 U.S.C. §1332. The amount in controversy, exclusive of interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332. Plaintiff, MARCIA K. HAJEK, is a resident and citizen of Nebraska. Defendant, KUMHO TIRE CO., INC., is a Korean corporation with its principal place of business in Seoul, South Korea. Defendant, KUMHO TIRE U.S.A., INC., is a California corporation with its principal place of business in Rancho Cucamonga, California. Defendant FORD MOTOR COMPANY (hereafter referred to as "FORD") is a Delaware corporation with its principal place of business in Detroit, Michigan.

THE PLAINTIFF

2. MARCIA K. HAJEK is the duly appointed Personal Representative of the Estate of Alan E. Hajek, deceased, and brings this action against the defendants, and each of them, for

1

the wrongful death of Alan E. Hajek pursuant to Nebraska's wrongful death statutes, Neb. Rev. Stat. §30-809, et seq. (Reissue 1995), and for Alan E. Hajek's pre-death injuries as set forth herein and funeral expenses.  MARCIA K. HAJEK also brings this action individually against the defendants, and each of them, for personal injuries she sustained as set forth herein.

## THE DEFENDANTS

3.    Defendant, KUMHO TIRE CO., INC., (hereinafter KUMHO TIRE) is a Korean corporation with its principal place of business in Seoul, South Korea, that is in the business of manufacturing motor vehicle tires that are sold in the United States and elsewhere; and that is registered and doing business in the United States.

4.    Defendant, KUMHO TIRE U.S.A., INC. (hereinafter KUMHO USA) is a wholly owned subsidiary of Defendant KUMHO TIRE and is a California corporation with its principal place of business in Rancho Cucamonga, California, that distributes in the United States the vehicle tires made by its parent Korean corporation.

5.    At all times material to this complaint, KUMHO TIRE manufactured, and KUMHO USA distributed, marketed, and/or sold tires in or into the United States and the State of Nebraska, including the subject tire described herein, and both KUMHO corporations intended that its tires be sold within the State of Nebraska, and both derived substantial revenue from the sale of its tires to Nebraska residents in the ordinary course of commerce, trade or use, and this action arises out of such business.

6.    At all times material to this complaint, Defendant FORD was and is a corporation incorporated in Delaware, with its principal place of business in Detroit, Michigan.  FORD was and is in the business of, among other things, designing, developing, testing, manufacturing, and distributing motor vehicles for use in the United States and, in that

capacity operated, conducted, engaged in and carried on business and business ventures within the State of Nebraska, directly and indirectly through dealerships, brokers, jobbers, wholesalers, or distributors within said state, and intended that its vehicles be sold within the State of Nebraska, and derived substantial revenue from the sale of its vehicles to Nebraska residents in the ordinary course of commerce, trade or use, and this action arises out of such business.

7.   FORD designed, developed, tested, manufactured, and/or distributed the 2001 Ford F250 Super Duty pickup truck VIN#1FTNW21F01EB87943 (hereinafter "subject vehicle") that was involved in the accident described herein.

## VENUE

8.   The accident giving rise to Plaintiff's causes of action took place in Lincoln County, Nebraska.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.   Randall Edson is the owner of the subject vehicle and, sometime during 2005 or 2006 purchased four new Kumho tires in Nebraska and had them installed on the subject vehicle. The subject tire was on the left front axle of the subject vehicle. The subject tire is a Kumho Venture AT model tire, manufactured by Defendant KUMHO TIRE in South Korea, distributed in the United States by Defendant KUMHO USA, and was made for use in the United States and carried the required United States Department of Transportation identification number, DOT H2W8YD4A0405.

10.   On or about August 17, 2006, while traveling eastbound on 1-80 near Brady, Nebraska, the left front tire of the subject vehicle suffered a sudden, unexpected, and catastrophic tread and belt separation that caused the driver to lose control of the subject vehicle, which exited the highway.

11. Upon leaving the highway, the driver applied the brakes and attempted to steer the subject vehicle in the median so that it would not enter the opposite, westbound lanes, but the steering wheel of the subject vehicle would not respond.

12. As a result, the subject vehicle entered the wrong way into the westbound lanes of 1-80 and collided head-on with the vehicle occupied by the Plaintiff MARCIA K. HAJEK and Alan E. Hajek.

13. The accident resulted in the death of Alan E. Hajek, and severe injuries to his wife, MARCIA K. HAJEK.

14. From the date that Randall Edson purchased the subject vehicle through the date of the accident, the subject vehicle and subject tire were properly maintained and used in the normal manner expected, intended, marketed and promoted by Defendants.

15. The subject tire and subject vehicle failed in the absence of any adverse weather conditions, road hazards, misuse, or interference from other vehicles or road obstructions.

COUNT 1 – NEGLIGENCE AGAINST KUMHO TIRE CO., INC.

16. Plaintiff re-alleges paragraphs 1 through 16 above, as if fully set forth herein.

17. Defendant, KUMHO TIRE, had a duty to use reasonable care in designing, selecting materials, manufacturing, constructing, testing, inspecting, marketing, and/or distributing the subject tire to determine that it was in a condition safe for its intended use.

18. Defendant, KUMHO TIRE, breached its duty of reasonable care in that it failed to design, select materials, manufacture, construct, test, and/or inspect the subject tire in a reasonable manner to determine that it was in a condition safe for its intended use.

19. The tread and belt separation of the tire on the subject vehicle was the direct

and proximate result of the negligent design and/or manufacture of the subject tire by Defendant, KUMHO TIRE, alone or in conjunction with input from Defendant KUMHO USA.

20. Defendant, KUMHO TIRE's negligence in connection with the design, manufacture, and sale of the subject tire consists of, but is not limited to, the following:

a. Using inadequate and improper specifications and formulas;

b. Inadequate consideration of the ambient temperatures to which the tire would be subjected in ordinary road operation in the mid-western United States;

c. Design of the tire with an inadequate margin of safety to prevent tread and belt separations in ordinary road operations or under expected and anticipated road conditions;

d. Inadequate sizing or compounding of the belt wedges and/or insulation strips;

e. Excessive use of fillers or other ingredients in inner liner compound(s), and/or the use of an inappropriate inner liner compound(s);

f. Utilization of improper compounds for, or ingredients in, the ply rubber stocks, belt rubber stocks, and tread base rubber stocks, to achieve a cost savings at the expense of adequate adhesion of tire components;

g. Failure to utilize and assemble tire components in a way that would result in the tread wearing out before the other tire components failed;

h. Failure to incorporate in the design of the tire a nylon overlay, overbelt or cap strip to inhibit tread and belt separations;

i. Insufficient design of the belt edges, which rendered the tire insufficiently robust to withstand the stresses applied by normal and foreseeable use;

j. Engineering, designing and selling a tire that is unreasonably sensitive to variations in the production process;

k.  Inadequate and improper construction methods and materials;

l.  Failure to maintain adequate quality control during manufacture;

m.  Failure to maintain adequate records of real world tire performance;

n.  Failure to correct the defects revealed by real world tire performance records;

o.  Failure to prevent rubber and steel wire contamination during manufacture;

p.  Failure to provide adequate and sufficient warnings and instructions about the risks and dangers presented by the tire and reasonable means to reduce such risks and dangers, including but not limited to the following:

  i.  The existence of a significant tread and belt separation problem;

  ii.  The signs and indicia of an impending tread and belt separation;

  iii.  The dangers of sudden tread and belt separation at foreseeable highway speeds;

  iv.  The recommended manner of attempting to cope with a sudden tread and belt separation;

  v.  The ready availability of other types and brands of tires that could substantially reduce or eliminate the risk of catastrophic tire failure; and

  vi.  The negative effects of aging and/or high ambient temperatures on the stability and integrity of a tire.

21. As a direct and proximate result of Defendant KUMHO TIRE's negligence, Alan E. Hajek died and also sustained injuries and damages as set forth below, and MARCIA K. HAJEK sustained injuries and damages as set forth below.

COUNT II - STRICT LIABILITY AGAINST KUMHO TIRE CO., INC.

22. Plaintiff re-alleges paragraphs 1 through 21 above, as if fully set forth herein.

6

23. The subject tire manufactured, marketed, distributed, and/or sold by Defendant KUMHO TIRE, was unreasonably dangerous and unsafe for its intended use by reason of the defects set forth in paragraph 20 above, and the product was expected to and did reach the owner without substantial change affecting those conditions, or the product failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by KUMHO TIRE, or the risk of danger outweighed any benefits.

24. These defects include, among other things, a lack of proper adhesion between the steel belts, and/or between the steel belts and the surrounding materials, that would have prevented the belts from separating under expected and anticipated road conditions during normal use.

25. At all times material to this complaint, Defendant, KUMHO TIRE, inadequately warned or failed to warn the owner, users, and those who might reasonably be endangered thereby of the defects that Defendant, KUMHO TIRE, knew or should have known exist in the subject tire. The inadequate warning or failure to warn was itself a defect in the tire.

26. Defendant, KUMHO TIRE, is strictly liable in tort for all injuries and damages as more specifically set forth below.

### COUNT III - NEGLIGENCE AGAINST KUMHO TIRE U.S.A., INC.

27. Plaintiff re-alleges paragraphs 1 through 26 above, as if fully set forth herein.

28. Defendant, KUMHO USA, had a duty to use reasonable care in inspecting, marketing, and/or distributing the subject tire to determine that it was in a condition safe for its intended use.

29. Defendant, KUMHO USA, breached its duty of reasonable care in marketing and sale of tires that it knew or should have known were defective and in failing to inspect

the subject tire in a reasonable manner to determine that it was in a condition safe for its intended use.

30. The tread and belt separation of the subject tire was the direct and proximate result of the negligent inspection, marketing and distribution of the subject tire by Defendant, KUMHO USA, alone or in conjunction with input from Defendant KUMHO TIRE.

31. As a direct and proximate result of Defendant KUMHO USA's negligence, Alan E. Hajek died and also sustained injuries and damages as set forth below, and MARCIA K. HAJEK sustained injuries and damages as set forth below.

### COUNT IV - NEGLIGENCE AGAINST DEFENDANT FORD

32. Plaintiff re-alleges the allegations of paragraphs I through 15 above, as if fully set forth herein.

33. Defendant FORD, as the manufacturer of the 2001 Ford F250 Super Duty pickup truck, was under a duty to exercise reasonable care in its design in order to prevent or reduce injuries from its use and to see that the vehicle was safe for its intended use.

34. Defendant FORD designed the 2001 Ford F250 Super Duty pickup truck in such a manner as to create a danger which was unknown to the owner, or any other user, under ordinary use and normal function of the subject vehicle.

35. Defendant FORD breached its duty of reasonable care in that Defendant FORD:

a. Incorporated into the subject vehicle a "hydroboost" system of power assist to the vehicle's braking and steering system that had insufficient capacity to allow full steering control when the brakes were being operated;

b. Incorporated into the subject vehicle a "hydroboost" system of power assist to the vehicle's braking and steering system that made, it difficult or impossible for an average driver to

8

steer the vehicle while the brakes were being applied;

    c.    Knew or should have known that alternative power steering and braking systems were economically and technologically feasible and their use on the subject vehicle would have been a safer alternative design which would have significantly reduced the risk without substantially impairing the utility of the vehicle;

    d.    Knew or should have known that many drivers would not be aware that the steering problem was caused by braking;

    e.    Negligently failed to adequately test the steering and braking system, and/or failed to heed the results of its testing as well as user complaints, claims, and/or accident data;

    f.    Negligently failed to warn the owner, users, and those who might reasonably be endangered thereby of defects in the vehicle which Defendant FORD either knew or should have known existed.

36.    As a direct and proximate result of Defendant FORD's negligence, Alan E. Hajek died and also sustained injuries and damages as set forth below, and MARCIA K. HAJEK sustained injuries and damages as set forth below.

## COUNT VI - STRICT LIABILITY AGAINST FORD

37.    Plaintiff re-alleges paragraphs 1 through 15 above, as if fully set forth herein.

38.    The subject vehicle sold by Defendant FORD was unreasonably dangerous and unsafe for its intended use by reason of the design defects set forth in paragraph 35, and the product was expected to and did reach the owner without substantial change affecting that condition, or the product failed to perform as safely as an ordinary consumer would expect when used as intended or in a manner reasonably foreseeable by Defendant, or the risk of danger in the design outweighed the benefits. These defects include, among other things, a lack of sufficient

9

steering control when braking under expected and anticipated road conditions during normal use.

39. At all times material to this complaint, Defendant, FORD, inadequately warned or failed to warn the owner, users, and those who might reasonably be endangered thereby of the design defects in the subject vehicle. The inadequate warning or failure to warn was itself a defect in the vehicle.

40. At all times material, Defendant, FORD, was engaged in the business of designing, manufacturing, constructing, selling and distributing 2001 Ford F250 Super Duty pickup trucks, including the truck involved in this accident. On the date of this accident the subject vehicle was in substantially the same condition as it was when it was originally sold.

41. Defendant, FORD, is strictly liable in tort for all injuries and damages as set forth below.

### FIRST CAUSE OF ACTION - WRONGFUL DEATH

42. Plaintiff re-alleges paragraphs 1 through 41 above, as if fully set forth herein.

43. On the date of his death, Alan E. Hajek left surviving him as next of kin his wife, MARCIA K. HAJEK, and three adult children: Alan E. Hajek, Jr., Amy N. Buettenbach, and Brant A. Hajek.

44. As a result of Alan E. Hajek's death, the above-listed next of kin of Alan E. Hajek have been deprived of the financial support, society, comfort, companionship, services, love, affection, and the enjoyment of family relations that Alan E. Hajek would have provided to them had he lived his full life expectancy, and said next-of-kin have sustained a pecuniary loss by reason thereof.

WHEREFORE, Plaintiff prays for Judgment against the Defendants, and each of them, on her First Cause of Action, for the damages decedent's next-of-kin have sustained;

the cost of suit herein incurred; and such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION - ALAN E. HAJEK'S PRE-DEATH INJURIES AND DAMAGES

45.    Plaintiff re-alleges paragraphs I through 44 above, as if fully set forth herein.

46.    As a direct and proximate result of the accident, Alan E. Hajek sustained injuries and damage including, but not limited to:

   a.    Severe physical injuries and death;

   b.    Physical and mental pain and suffering before his death;

   c.    Pre-impact fear and apprehension of death;

WHEREFORE, Plaintiff prays for Judgment against the Defendants, and each of them, on her Second Cause of Action, for general damages; the cost of suit herein incurred; and such other and further relief as the Court deems just and proper.

## THIRD CAUSE OF ACTION - FUNERAL EXPENSES

47.    Plaintiff re-alleges paragraphs I through 44 above, as if fully set forth herein.

48.    As a direct and proximate result of the accident and resulting death of Alan E. Hajek, Plaintiff has incurred funeral and cremation expenses on behalf of Alan E. Hajek in the amount of $3,446.40.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, on her Third Cause of Action, for special damages in the amount of $3,446.40, the costs of suit herein incurred, and such other and further relief as the Court deems just and proper.

11

## FOURTH CAUSE OF ACTION - INJURIES TO MARCIA K. HAJEK

49. Plaintiff re-alleges paragraphs 1 through 44 as if fully set forth herein.

50. As a direct and proximate result of the accident, Plaintiff, MARCIA K. HAJEK, suffered bodily injury and resulting physical and mental pain and suffering, apprehension of pain and suffering, disability, impairment, disfigurement, psychological injury, mental anguish, loss of capacity for the enjoyment of life, inconvenience, the expense of hospitalization and medical and nursing care and treatment in the approximate amount of $523,572.71 to date, loss of past earnings in the approximate amount of $27,600.00 to date, and loss of ability to earn money. These injuries and losses are permanent and continuing and Plaintiff will suffer them in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendants, and each of them, for her special damages in the amount of at least $551,172.71 to date, general damages, the costs of suit herein incurred, and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL AND DESIGNATION

Plaintiff demands a trial by jury to be held in Lincoln, Nebraska on all issues so triable as a matter of right.

      MARCIA K. HAJEK, Individually and as Personal Representative of the Estate Alan E. Hajek, Deceased.

      s/Christopher J. Stucky_____
      Evan A. Douthit, Admitted Pro Hac Vice
      R. Douglas Gentile, Admitted Pro Hac Vice
      Christopher J. Stucky, Admitted Pro Hac Vice
      Douthit Frets Rouse Gentile & Rhodes, LLC
      903 E. 104th St., Suite 610
      Kansas City, MO 64131
      (816) 941-7600

(816) 941-6666 (fax)
edouthit@dfrglaw.com
dgentile@dfrglaw.com
cstucky@dfrglaw.com

and

Robert J. Parker, Jr., #19108
Lisa D. Stava, #22124
Seiler & Parker P.C., L.L.O.
726 East Side Blvd.
P.O. Box 1288
Hastings, NE 68902
Tel: (402) 463-3125
Fax: (402) 463-3110
rparker@hastingslawfirm.com
Istava@iiastiiigslawfirm.com

ATTORNEYS FOR PLAINTIFF

**Certificate of Service**

The undersigned hereby certifies that on this 7th day of April, 2009, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which sent notification of such filing upon all parties who filed an appearance or motion by electronic filing in this case:

Mary Q. Cooper
Eldridge, Cooper Law Firm
P.O. Box 3566 Tulsa, OK
74103 (918) 388-5555 (918)
388-5654 (fax)

and

John A. Svoboda Gross,
Welch Law Firm
2120 South 72nd Street
Suite 1500 Omaha
Tower Omaha, NE
68124 (402) 392-
1500 (402) 392-8101
(fax)

ATTORNEYS FOR DEFENDANT FORD

Michael H. Bai
Littleton, Joyce Law Firm
39 Broadway
34th Floor
New York, NY 10006-3046
(212) 404-5777 (212) 232-0088 (fax)

and

Daniel P. Chesire
Lamson, Dugan Law Firm
10306 Regency Parkway Drive
Omaha, NE 68114-3743 (402) 397-7300 (402) 397-7824 (fax)

ATTORNEYS FOR DEFENDANT KUMHO

s/Christopher J. Stucky_____