IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARCIA K. HAJEK, Individually and<br>as Personal Representative of the<br>Estate of Alan E. Hajek, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>KUMHO TIRE CO., INC.,<br>a foreign corporation,<br>KUMHO TIRE, U.S.A., INC.,<br>a California corporation, and<br>FORD MOTOR COMPANY,<br>a Delaware corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 4:08-CV-03157 |

---

**PROTECTIVE ORDER OF CONFIDENTIALITY**

---

PREPARED & SUBMITTED BY:

Daniel P. Chesire, #15029
LAMSON, DUGAN and MURRAY, LLP
10306 Regency Parkway Drive
Omaha, NE  68114
Telephone: (402)397-7300
Telefax: (402)397-7824

Michael H. Bai, Admitted Pro Hac Vice
Littleton Joyce Ughetta Park & Kelly LLP
39 Broadway, 34th Floor
New York, NY 10006
Telephone:  (212) 404-5777
Telefax:  (212) 232-0088

ATTORNEYS FOR DEFENDANTS
KUMHO TIRE CO., INC. and KUMHO TIRE, U.S.A., INC.

## PROTECTIVE ORDER OF CONFIDENTIALITY

1.      **"Confidential Material."**   As used in this Protective Order of Confidentiality, **confidential material** shall refer to **records** and/or things falling within the categories of material described by Fed.R.Civ.P. 26(c)(1)(G) including those records and things of Defendant Kumho Tire Co., Inc., hereinafter referred to as "KTCI," protected as trade secrets or confidential information pursuant to state and federal law, as well as any and all translations of those records and/or things.

2.      **"Records."**  As used in this Protective Order of Confidentiality, **records** shall mean information that is in document form, inscribed or otherwise recorded on a tangible medium, or that is stored in an electronic or other medium and is retrievable in perceivable form.  **Records** include both electronic records and printed, typewritten, and other tangible records.

3.      **Scope.**  This Protective Order of Confidentiality shall govern **confidential material** produced or disclosed by KTCI in response to formal or informal discovery conducted in this matter. Nothing in this Protective Order of Confidentiality shall be deemed to preclude KTCI's right to:  (a) oppose discovery on grounds not addressed under the terms of this Protective Order of Confidentiality, or (b) object on any ground to the admission of any **confidential material** into evidence at trial.  Further, nothing contained in this Protective Order of Confidentiality shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought.

4.      **Designation of Confidential Material.**  KTCI may designate all or any portion of **records** and/or things it produces formally or informally to other parties to this litigation as **confidential material**.  Prior to designating a document as confidential material, KTCI shall make a good faith bona fide determination that the material is, in fact, a trade secret or other confidential

research, development or commercial information as contemplated Fed.R.Civ.P. 26(c)(1), the dissemination of which would significantly damage the producing party's business. The designation of **confidential material** shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: "**confidential**" or "**confidential material**." **Confidential material** will be Bates stamped, if appropriate. All **records** and things designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order of Confidentiality until further order by the Court.

5.    The inadvertent, unintentional, or *in camera* production of any **confidential material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **confidential material** in question. If KTCI should inadvertently produce any **confidential material** not responsive to a formal request for production and/or an order of the Court, and/or inadvertently fail to redact **confidential material** not discoverable in this matter, the recipient shall immediately return the **confidential material**, including all copies or reproductions, and any translations thereof, to KTCI, and shall make no use of the **confidential material** for any purpose until further order by the Court.

6.    **Objection to Designation.** If any party objects to the designation of any **record** or thing as **confidential material**, that party shall promptly notify all other parties in writing within thirty (30) days of receipt of the **confidential material**, specifying the factual and legal basis for the objection. The parties shall have a period of no longer than thirty (30) days to resolve the dispute by agreement. If the dispute is not resolved by agreement, it shall be submitted to the Court within thirty (30) days thereafter whereupon the party seeking the protections of this Protective Order and

-3-

seeking a document or documents' status as "confidential" will bear the burden of establishing that such protection is warranted.  Pending such determination by the Court, the **records** and/or things shall be maintained as **confidential material**.  If no such Motion is filed within thirty (30) days, then the challenged documents and information will no longer be subject to the provisions of this Protective Order.

7.    **Access to Confidential Material**.  Access to **confidential material** shall be limited to **authorized persons**.  **Authorized persons** are:

(a)    Counsel of record for Plaintiffs and Co-Defendants, including but not limited to, KTCI, to this civil action;

(b)    Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record for Plaintiffs and Co-Defendants who have consented to this Protective Order of Confidentiality;

(c)    Independent professional engineers, accident reconstructionists, or other independent, forensic experts retained by counsel for Plaintiffs and Co-Defendants, and who have consented to this Protective Order of Confidentiality and signed the Promise of Confidentiality.

(d)    The Court, the Court's staff, witnesses and the jury in this case.

Counsel of record for the party who grants access to **confidential material** to an **authorized person** identified in subparagraph (c) of this paragraph shall take reasonable steps to ensure full compliance by said **authorized person** with this Protective Order.

Access to **confidential material** shall not be given to any person or entity not specifically described above, including to members of the general public.

-4-

Without written consent of counsel of record for KTCI or further order of this Court, **authorized persons** shall not provide access to **confidential material** to any competitor of KTCI (i.e. entity involved in commercial research, development, production, or testing of tires) or current employee of such competitor of KTCI..

8.      **Promises of Confidentiality.**  Each **authorized person** identified in subparagraph 7(c) above who receives access to any **confidential material** shall first be given a copy of this Protective Order of Confidentiality and advised by the counsel of record making the disclosure that such **authorized person** must not divulge any **confidential material** to anyone other than **authorized persons** in the preparation or trial of this lawsuit.  The Promise of Confidentiality attached hereto as Exhibit A must be signed by each such **authorized person** identified in subparagraph 7(c) above receiving any **confidential material** in advance of receipt.  The signed original of each such Promise of Confidentiality shall be provided to counsel of record for KTCI within thirty (30) days following the final termination of this action (the earlier of execution of a settlement agreement or entry of a final judgment – i.e. after all appeals have been finally adjudicated).

9.      **Storage of Confidential Material.**  **Authorized persons** shall maintain all **confidential material** in a secure location. **Confidential material** may not be transmitted via e-mail or other similar media other than within the offices of plaintiffs' counsel.

10.     **Use of Confidential Material. Authorized persons identified in subparagraphs 7(a), 7(b), and 7(c)** shall use the **confidential material** for the purpose of this lawsuit only.

(a)  Without limiting the generality of the foregoing sentence, **authorized persons** shall not produce, disclose, or otherwise utilize **confidential material** in any other litigation, whether or not that litigation involves parties to this case.

(b)  If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any **authorized person**, that **authorized person** will immediately notify KTCI's counsel of record and provide KTCI's counsel of record with a copy of the subpoena or other discovery request.

11.   **Court Records.**  In the event that any **confidential material** is attached to a pleading or motion or other material filed with this Court, the **confidential material** shall be filed in an attached sealed separate envelope containing the style of the case marked "CONFIDENTIAL MATERIAL Protected by Court Order," dated and kept under seal by the clerk of that court until further court order.  Such **confidential material** shall, however, remain available to personnel authorized by that court and to **authorized persons**. When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope. If any **record** containing **confidential material** is furnished to any court, a duplicate copy with the discrete **confidential material** deleted may be substituted in the public record, if appropriate.

12.   **Depositions.**  If any **confidential material** is used or referred to during any deposition, counsel for either party may require that only their clients or representatives, **authorized persons**, the deponent, the court reporter, the interpreter and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material**. Within fifteen (15) days of receipt of the completed deposition transcript, counsel for KTCI shall designate by page and line the portions for which such claim is made, and give written notice of this

designation to all other parties.  This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties.  Pending such designation, the deposition transcript shall be treated in its entirety as **confidential material** and shall be subject to the provisions of paragraph numbered 6 above concerning objections to such designation.  All exhibits to the deposition transcript previously designated by KTCI as **confidential material** shall remain **confidential material** without need for designation.  Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "confidential material subject to Protective Order."

13.    **Evidence at Trial.**  This Protective Order shall not apply to the disclosure of **confidential material** at the time of trial or court hearing, through the receipt of protected documents or **confidential material** into evidence, or through the testimony of witnesses.  The closure of trial proceedings and sealing of the record of a trial involve considerations which may be taken up as a separate matter upon the motion of any of the parties at trial.

14.    **Improper Disclosure**.  Should any **confidential material** be disclosed to any unauthorized person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order of Confidentiality by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order of Confidentiality; (b) shall be identified immediately to counsel of record for KTCI; and (c) shall be directed, if within control of a party or his/her/its counsel, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A).

15.    **Return of Confidential Material.**  Within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a final judgment – i.e. after all appeals have been finally adjudicated), counsel of record for each party shall assemble and return

to counsel of record for KTCI the *originals* of all **confidential material** produced, whether in the possession of said counsel or in the possession of any **authorized person** who gained access to the **confidential material**. All authorized persons – other than counsel of record for Plaintiff – shall return all confidential information (originals and copies) in accordance with their obligations as set forth in Exhibit A to this protective order. However, consistent with the ethical obligations imposed upon counsel for Plaintiff to maintain their client file for at least 10 years, counsel of record for Plaintiff shall be allowed to retain a copy of all confidential material with the understanding it will not be shared with others for the purposes of product liability litigation. Accompanying the return of the **confidential material**, counsel for all parties shall provide to counsel for KTCI executed Certifications in the form attached hereto as Exhibit B (executed by each Counsel for the Plaintiffs and Co-Defendants) and Exhibit C (executed by each expert and anyone else who had access to such **confidential material**). If upon the review of the returned **confidential material**, counsel of record for KTCI concludes that not all **confidential material** has been returned, counsel of record for KTCI will provide to counsel of record for the returning party a list of those **records** by bates stamp number which were not returned. If counsel of record for returning party is unable to provide or locate those missing **records**, then counsel of record for the returning party shall execute an affidavit which states: (a) the bates numbers of those **records** that counsel of record for the returning party was unable to return; (b) that a diligent and thorough search was conducted of all **authorized person** who gained access to the **confidential material** through counsel of record for the returning party and counsel of record for the returning party was unable to find said **confidential material**; and (c) counsel of record for the returning party does not have the *originals* of said **confidential material** in his or her possession. Nothing in this Protective Order shall be deemed to prevent counsel for the

Plaintiffs from maintaining *copies* of any Protected Documents and **confidential material** deemed necessary by the counsel for Plaintiffs for the preservation of that counsel's files in accordance with controlling ethical and common law rules.  With respect to such documents so maintained, counsel for Plaintiffs shall remain bound by the terms of this Protective Order even after the conclusion of the case.

ORDERED by the Court this  24th day of July, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

**THIS PROTECTIVE ORDER OF CONFIDENTIALITY AGREED TO BY:**

MARCIA K. HAJEK, Individually and as Personal Representative of the ESTATE OF ALAN E. HAJEK, DECEASED, Plaintiff

By: _____
    Robert J. Parker, Jr.
    Lisa D. Stava
    Seiler & Parker, P.C., L.L.O.
    726 East Side Blvd.
    P.O. Box 1288
    Hastings, NE 68902

-and-

By: _____
    Evan A. Douthit
    R. Douglas Gentile
    Christopher J. Stucky
    Douthit Frets Rouse Gentile & Rhodes, LLC
    903 E. 104th Street, Suite #610
    Kansas City, MO 64131

KUMHO TIRE CO., INC., and KUMHO TIRE , U.S.A., INC., DEFENDANTS

By: _____
     Daniel P. Chesire, #15029
     LAMSON DUGAN and MURRAY, LLP
     10306 Regency Parkway Drive
     Omaha, NE 68114
     Telephone:  (402) 397-7300
     Telefax:  (402) 397-7824
     dchesire@ldmlaw.com

-and-

     Michael H. Bai
     Littleton Joyce Ughetta Park & Kelly LLP
     39 Broadway, 34th Floor
     New York, NY 10006
     Telephone:  (212) 404-5777
     Telefax:  (212) 232-0088
     michael.bai@littletonjoyce.com

**EXHIBIT A**

**PROMISE OF CONFIDENTIALITY**

State of _____    §
                           §
County of _____      §

    1.    My name is _____. I am employed as _____ by
_____.

    2.    I am aware that a Protective Order of Confidentiality has been entered in the above-referenced lawsuit and a copy of that Protective Order of Confidentiality has been given to me.

    3.    I agree to abide by the provisions of that Protective Order of Confidentiality.

    4.    I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order of Confidentiality.

    5.    Within twenty (20) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a final judgment (after all appeals have been finally resolved) or – in the case of an authorized person identified in subparagraph 7(c) - within twenty (20) days of the final termination of the action referenced within that subsection, I will return to KTCI, through delivery to counsel of record representing Plaintiffs and/or Co-Defendants from whom I received the **confidential material** in this case, all **confidential material**, including all copies, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind thereof containing **confidential material**, along with my executed Certification of Confidential Document Return confirming the return of said **confidential material**. I promise that under no circumstance will I retain any originals or duplicate of any such **confidential material**. I assume all responsibility for returning the **confidential material** to KTCI, as set forth herein.

_____        _____
Signature                                      Date

## **EXHIBIT B**

### **Attorney's Certification of Confidential Document Return**

1.     My   name   is   _____.     I   am   counsel   of   record   for
_____ in the case styled *Marcia K. Hajek, Individually and as Personal Representative of the Estate of Alan E. Hajek, Deceased vs. Kumho Tire Co., Inc., a foreign corporation, Kumho Tire U.S.A., Inc., a California corporation and Ford Motor Company, a Delaware corporation* (the "Lawsuit").

2.     Pursuant to the requirements set forth in the Protective Order of Confidentiality, I have fulfilled each of my obligations imposed thereby, specifically:

   A.     I have returned to counsel of record for Kumho Tire Co., Inc. ("KTCI") all *of the originals* of all items produced by KTCI subject to the Protective Order of Confidentiality in the Lawsuit (collectively referred to herein as "Confidential Material"), as required by the Protective Order of Confidentiality.

   B.     As part of my return of Confidential Material, I have gathered from each person to whom I have given access – other than those individuals identified in paragraph 7(d) of the Protective Order - all Confidential Material in such person's possession.  Each such person has executed his own certification attesting that (1) all Confidential Material has been returned to me, and that (2) the person in question did not make Confidential Material available to any other person or entity.  Those certifications are attached hereto.

   C.     I have not made any Confidential Material, any copies thereof, or any document or thing that reflects or contains Confidential Material, available to any other person or entity.

3.     I understand that I have a continuing obligation under the Protective Order of Confidentiality to locate and immediately return the *originals* of any Confidential Material that was produced to me by KTCI in this lawsuit.

Date:_____          Signature: _____

**EXHIBIT C**

**Expert's/Authorized Person's Certification of Confidential Document Return**

1.    My name is _____. I work at _____
_____.

2.    I have received access to materials (including documents, transcripts and/or other things) protected by the Protective Order of Confidentiality (collectively referred to herein as "Confidential Material") entered in the case styled *Marcia K. Hajek, Individually and as Personal Representative of the Estate of Alan E. Hajek, Deceased vs. Kumho Tire Co., Inc., a foreign corporation, Kumho Tire U.S.A., Inc., a California corporation and Ford Motor Company, a Delaware corporation* (the "Lawsuit").

3.    I have returned all Confidential Material and all copies thereof, including electronic copies or electronic reproductions thereof.

4.    I have not made any Confidential Material, any copies thereof, or any document that reflects or contains Confidential Material, available to any other person or entity.

5.    I understand that I have a continuing obligation under the Protective Order of Confidentiality to locate and immediately return any Confidential Material thereof that was produced by KTCI in this lawsuit.

Date: _____

Signature: _____