IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCIA K. HAJEK, Individually and as Personal Representative of the Estate of Alan E. Hajek, Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )  4:08CV3157<br>) |
| V. | )<br>) |
| KUMHO TIRE CO., Inc., a foreign corporation, and KUMHO TIRE U.S.A., Inc., a California corporation, | )  **MEMORANDUM AND ORDER**<br>)<br>) |
| Defendants. | )<br>)<br>) |

    This matter is before the court on a statement of objections filed by Plaintiff (filing 118). At issue is an order that Magistrate Judge Zwart entered on February 8, 2010, denying Plaintiff's motion to compel discovery from Defendant Kumho Tire Co., Inc. ("Kumho") (filing 117). Because I find after careful review that the order is not "clearly erroneous or contrary to law" the objections will be denied. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); NECivR 72.2(c).

    This is a product liability/wrongful death case in which Plaintiff alleges that a tire designed, assembled and sold by Kumho was defective and caused an accident which injured Plaintiff and killed her husband, Alan Hajek. Plaintiff served extensive discovery on Kumho, to which Kumho responded with numerous objections, and twenty-seven pages of responsive documents. Kumho maintains that the discovery requests are overly-broad, unduly burdensome and harassing in that they seek discovery regarding tire models other than the model involved in the accident or tires which can be considered similar to the accident tire, and they seek such information for extensive periods of time. Kumho further maintains that, as to all of Kumho's

tires, Plaintiff's discovery of formulas, designs and manufacturing methods, and their entry into Kumho's plant would reveal trade secrets and Plaintiff has not shown any need for this information.

Plaintiff has asserted multiple objections to Judge Zwart's order. Plaintiff argues that Judge Zwart's order was clearly erroneous and contrary to law because (1) it improperly restricts the universe of allowable discovery to the exact model of tire, rather than the defect at issue in the litigation; (2) it does not address the argument or law regarding the ameliorative nature of protective orders in relation to fear of disclosure; (3) it does not address the fact that Kumho agreed to a protective order; (4) it does not address the argument that Kumho's objections are boilerplate and fails to rule on other objections raised by Kumho; (5) it improperly makes determinations regarding the credibility of Plaintiff's expert and fails to address the argument that the requested discovery is necessary for impeachment; (6) it fails to address Plaintiff's arguments regarding the appropriateness of inspecting Kumho's manufacturing operations and makes incorrect factual assumptions regarding the relevance of such an inspection; and (7) applies the rules of discovery in an improper manner. (Filing 118.) The court finds each of Plaintiff's objections without merit.

The principal basis for Judge Zwart's order is that Plaintiff has failed to show that her discovery requests are relevant and necessary. Judge Zwart concluded:

> Collecting volumes of information regarding all Kumho tires, without any threshold evidentiary showing of how those tires are similar to the accident tire for the purposes of this litigation, or that the information requested has any relationship to the underlying cause of the alleged tread separation at issue, is unduly burdensome and not likely to lead to the discovery of relevant information.

(Filing 117.) Judge Zwart's analysis is sound and thoroughly addresses the issues raised in the motion to compel.

2

As this court stated in *Bituminous Casualty Corp. v. Ferer*, No. 4:06CV3128, 2007 WL 1381763 (D. Neb. Apr. 19, 2007):

> Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence. While the standard of relevance in the context of discovery is broader than in the context of admissibility . . . this often intoned legal tenet should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case.

*Id*. at *1 (citing *Hofer v. Mack Trucks, Inc*., 981 F.2d 377, 380 (8th Cir.1992) (internal citations omitted). There is no indication that Judge Zwart inappropriately applied Rule 26 or that her decision is otherwise improper.

In discovery matters, the magistrate judge is afforded great deference. *Pflum v. United States*, 212 F.R.D. 580, 582 (D.Kan.2003). This court will reverse the magistrate's decision only when the magistrate judge's order is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); NECivR 72.2(c). Having carefully reviewed Judge Zwart's findings and reasons expressed in her written order, I am persuaded that no error has occurred. Therefore, Plaintiff's objections will be denied and Judge Zwart's order will be sustained.

Accordingly,

IT IS ORDERED that:

1. Plaintiff's statement of objections (filing 118) is denied;

3

2. Magistrate Judge Zwart's order of February 8, 2010 ([filing 117](filing 117)), shall not be disturbed and is hereby sustained.

March 30, 2010.

           BY THE COURT:
           *Richard G. Kopf*
           United States District Judge