IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCIA K. HAJEK, Individually and as Personal Representative of the Estate of Alan E. Hajek, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>KUMHO TIRE CO., INC., a foreign corporation, KUMHO TIRE, U.S.A., INC., a California corporation,<br><br>Defendants. | Case No.: 4:08-CV-03157 |

## PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY

Pursuant to Fed.R.Civ.P. 37(a) and NECivR 7.1(i), Plaintiff moves this court for an Order compelling defendant Kumho Tire Co., Inc. ("Kumho") to produce a very limited and specific set of documents which relate to the replacement tire (the KL78) for the accident tire in this case. The accident tire had a tread design with the internal name of KL41 within Kumho. However, subsequent to the accident in question, Kumho made some very slight modifications to the line of tires and changed the internal name of the tread design to KL78. According to Kumho's corporate representatives, the KL78 is the replacement to the KL41 and both utilized the same product completion report. Additionally, the replacement tire – the KL78 – incorporates the very safer alternative design set forth by Plaintiff in this litigation – a fully nylon cap ply.

As such, a targeted set of documents relating to the KL78, including The Tire Analysis Component List and Manufacturing Tire Specification Documents, the Tire Mold and Pattern Drawing, and the "work order" for the Kumho Road Venture 265/75R16 with the KL78 tread

pattern is discoverable in this matter. This very limited set of documents is without question reasonably calculated to lead to admissible evidence and the production of this very limited set of documents would allow the Court and Plaintiff to determine the exact level of similarity between the KL78 and the subject tire for purposes of admissibility at trial as well as allow Plaintiff to effectively cross examine Kumho's witnesses at trial.

Kumho objects to producing this limited set of documents on the basis that they are beyond this Court's previous discovery Order. (*See* Exhibit 2, Requests No. 13-15). But this Court's February 8, 2010 Discovery Order (Doc. # 117) supports Plaintiff's position and the production of such a targeted and limited set of highly relevant documents. Indeed, Kumho's own designated corporate representatives provide the threshold evidentiary showing of similarity for said discovery and the KL78 incorporates the very design feature that Plaintiff contends should have been present on the accident tire in this case – a full nylon ply.

In support of this motion, Plaintiff offers an Evidence Index that includes Plaintiff's Second Request for Production of Documents and Things to Defendant Kumho (Exhibit 1), Defendant Kumho's Responses to Plaintiff's Second Request for Production (Exhibit 2), a "golden rule" letter sent on September 22, 2010 to Kumho's counsel by Plaintiff's counsel by email (Exhibit 3), an email by Defendant Kumho's counsel in response to Plaintiff's "golden rule" letter (Exhibit 4), excerpted pages from Kumho Corporate Representative and Principal Researcher Dr. Sueng Cheol Han (Exhibit 5), excerpted pages from Kumho Corporate Representative and Vice President of Service and Warranty Nam-Woog Cho (Exhibit 6), excerpted pages from Kumho Corporate Representative and Principal Researcher Chong Hwa Kim (Exhibit 7), and the Affidavit of Christopher J. Stucky regarding the service of the discovery requests and efforts to resolve these discovery disputes (Exhibit 8). Accordingly,

Plaintiff has fulfilled her NECivR 7.1(i) obligations to attempt to resolve this matter without Court involvement and Kumho apparently intends to stand by its objections.

WHEREFORE, Plaintiff respectfully moves this Court for its Order compelling Kumho to produce a very limited and specific set of documents which relate to the replacement tire (the KL78) for the accident tire in this case in response to Plaintiff's Second Request for Product of Documents and Things and for such other and further relief as this Court deems just and proper.

DOUTHIT FRETS ROUSE
   GENTILE & RHODES, LLC

s/Christopher J. Stucky
Evan A. Douthit, Admitted Pro Hac Vice
R. Douglas Gentile, Admitted Pro Hac Vice
Christopher J. Stucky, Admitted Pro Hac Vice
Douthit Frets Rouse Gentile & Rhodes, LLC
903 E. 104th St., Suite 610
Kansas City, MO 64131
(816)941-7600
(816)941-6666 (fax)
edouthit@dfrglaw.com
dgentile@dfrglaw.com
cstucky@dfrglaw.com

AND

Robert J. Parker
Lisa D. Stava
Seiler & Parker, P.C., L.L.O.
726 East Side Boulevard
P.O. Box 1288
Hastings, NE 68902
402-463-3125
402-463-3110 (fax)

ATTORNEYS FOR PLAINTIFF

## **Certificate of Service**

       The undersigned hereby certifies that on this 15th day of October, 2010, I served a copy of the foregoing document with the clerk of the court using the CM/ECF system which sent notification of such filing to the following:

Michael H. Bai
Rebecca Ulisse
Littleton, Joyce Law Firm
39 Broadway
34th Floor
New York, NY 10006-3046
(212) 404-5777
(212) 232-0088 (fax)

and

Daniel P. Chesire
Lamson, Dugan Law Firm
10306 Regency Parkway Drive
Omaha, NE 68114-3743
(402) 397-7300
(402) 397-7824 (fax)

ATTORNEYS FOR DEFENDANT KUMHO

                                            s/Christopher J. Stucky